E-FILED
Tuesday, 23 June, 2009 12:06:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE DAVID COX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-1266 |
| ) | |
| DENNY SMITH, Warden, ) | |
| ) | |
| Respondent. ) | |

# O R D E R

This matter is now before the Court on Eddie David Cox's ("Cox") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Cox's Petition [#1] is DISMISSED.

## Background

On November 13, 1989, Cox was indicted by a grand jury in the United States District Court for the Western District of Missouri on charges of conspiracy to distribute cocaine hydrochloride, impersonating an officer and demanding money, possession of cocaine hydrochloride with intent to distribute, interference with commerce by threats or violence, felon in possession of a firearm, and impersonating an officer and making a search. Following a jury trial, he was convicted on all counts and sentenced to life imprisonment on three counts, with sentences ranging from 36 months to 360 months on the remaining nine counts. On appeal, his conviction was reversed on the conspiracy charge and affirmed on the remaining charges. United States v. Cox, 942 F.2d 1282 (8th Cir. 1991).

Cox filed a collateral attack pursuant to 28 U.S.C. § 2255, arguing that the district court had improperly used his earlier convictions to enhance his felon in possession sentences to life imprisonment. He appealed the denial of the motion, and in affirming his life sentence, the Eighth Circuit held:

> Although Cox's conviction on Count I was vacated on his direct his direct appeal, that still left Cox's conviction on Count III (possession of cocaine with intent to distribute) as the required instant offense of conviction to trigger the career offender guideline. Cox also had the two necessary predicate prior convictions for either a crime of violence (his 1970 federal bank robbery conviction) or a controlled substance offense (his 1970 federal conviction for conspiracy to violate the narcotic laws) required by the career offender guideline, without considering whether or not his prior conviction for being a felon in possession of a firearm is or is not a crime of violence countable for career offender guideline purposes.
>
> * * *
>
> There is no doubt that Cox had the three requisite prior felony convictions to justify the application of § 924(e)'s enhanced exposure to a life sentence. His prior convictions for assault and kidnapping in 1960, federal bank robbery in 1970, and conspiracy to violate the federal narcotic laws in 1970 qualified him for a life sentence under § 924(e)(1) & (2) (enhancement applies if defendant has three previous convictions for violent felonies or serious drug offenses). We conclude, based on a thorough review of the record before us, that the district court properly sentenced Cox to a term of life in prison on both the felon in possession of a firearm counts, and that the district court committed no error in denying Cox § 2255 relief from his life sentences.

Cox v. United States, 210 F.3d 378, 2000 WL 349283, at *2 (8th Cir. April 5, 2000).

Cox then sought leave to file a second § 2255 motion to argue that his sentence had expired and the maximum sentence that could be imposed was ten years, not life imprisonment. His request was denied by the Eighth Circuit on August 26, 2008. It is this precise argument that Cox presents in the present case under the guise of a Petition for

Writ of Habeas Corpus pursuant to § 2241.  He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois.

### Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies."  Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

In this § 2241 Petition, however, Cox does not challenge the circumstances of his confinement.  Rather, he attacks the validity of his sentence and asks this Court to vacate his sentence.  Accordingly, this Petition involves a collateral attack on Cox's sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Cox has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).  His request for leave to file a second § 2255 motion has been denied, leaving only the latter option.

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the

law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. Id. at 611-12.

First, the Court notes that Cox has provided no explanation of why he did not have the opportunity to raise these claims in his § 2255 petition, particularly as he actually raised a claim seeking the reduction of his sentence based on his contention that his prior convictions were improperly used to enhance his sentence. In addition to this failure, Cox clearly fails the first prong of In re Davenport, as he does not identify any change in the law, much less a retroactive change in the law as the basis for his claims.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Cox's convictions and sentences. Accordingly, Cox's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed.

## Conclusion

For the reasons set forth herein, Cox's Petition for Writ of Habeas Corpus [#1] is dismissed for lack of jurisdiction.

ENTERED this 23rd day of June, 2009.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge
