UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE DAVID COX, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1266 |
| DENNY SMITH, Warden, | ) |
| Respondent. | ) |

# O R D E R

This matter is now before the Court on Eddie David Cox's ("Cox") letter dated October 8, 2009, which has been construed by the Court of Appeals as a request to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). This Order follows.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

While the "motion" in this case was filed within 180 days after the entry of judgment, the Court cannot find that Cox did not receive notice of the entry of judgment or order

sought to be appealed from under Rule 4(a)(6)(A).  His Notice of Appeal establishes that he is appealing the dismissal of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  The Order dismissing the Petition and Judgment were both entered on June 23, 2009, and were sent to Cox in the same mailing.  It cannot be disputed that Cox received notice of the Order, and therefore also the Judgment, as he filed a Motion for Reconsideration of the Order on June 30, 2009.  *See* Clark v. United States Gypsum Co., 2009 WL 3199128, at *2 (N.D.Ind. Sept. 25, 2009) (declining to reopen the time to file an appeal where plaintiff demonstrated that he had proper notice of the final judgment by filing a motion for reconsideration.)  While Cox claims that he did not receive notice of the Text Only Order denying his Motion for Reconsideration, that is not the judgment or order appealed from in his Notice of Appeal.

Even assuming that Cox had successfully demonstrated that he did not receive notice of the June 23, 2009, Order and Judgment, or that delayed notice of the ruling on his Motion for Reconsideration somehow relieves him of the necessity of making this showing, the Court would exercise its discretion and decline to reopen the time to file an appeal because the pursuit of the appeal would be an exercise in futility.  "Rule 4(a)(6) provides that a district court 'may' reopen the time for appeal, not that it must do so." United States v. Cooper, 182 F.3d 923, 1999 WL 515255, at *2 (7th Cir. April 20, 1999); Rogers v. United States, 2009 WL 2424106, at *2 (N.D.Ind. Aug. 4, 2009), *citing* Odukoya v. Reese, 181 Fed.Appx. 917, 918-19 (11th Cir. 2006) ("Rule 4(a)(6) allows – but does not require – a district court to reopen the time to file an appeal if certain conditions are met.")

In denying his § 2241 petition, the Court found that Cox was asserting a collateral attack on his conviction and sentence that must be presented pursuant to 28 U.S.C. § 2255.  However, Cox previously pursued § 2255 relief and was denied permission from the

Court of Appeals to bring a second or successive motion. The Court then found that his claims did not qualify as one of the few instances in which petitioners may seek collateral relief under § 2241, as § 2255 was neither inadequate nor ineffective to test the validity of his convictions and sentences. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998). His petition was therefore dismissed for lack of jurisdiction as a frivolous attempt to circumvent the procedural limitations on successive § 2255 motions, and appeal on the merits would also be frivolous. Leave to proceed in forma pauperis on appeal has previously been denied, and the Court sees no reason to burden either the Government or the Court of Appeals with a frivolous appeal. Cox's request to reopen the time to file an appeal is denied.

## Conclusion

For the reasons set forth herein, Cox's request to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) is DENIED, thereby concluding the limited remand in this case.

ENTERED this 29th day of December, 2009.

                                                     s/ Michael M. Mihm
                                                     Michael M. Mihm
                                                     United States District Judge